

**1: CV 00-1994**

11-15-0

J. Rambo
mg Blewett

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District MIDDLE | |
|---|---|---|
| Name ERIC BERRINGER | Prisoner No. BV-2424 | Case No. 501AF |

Place of Confinement

S.C.I. ROCKVIEW, BOX A, BELLEFONTE, PA 16823

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| ERIC BERRINGER | v. PA BOARD OF PROBATION & PAROLE |

The Attorney General of the State of: MICHAEL FISHER

FILED
SCRANTON
NOV 14 2000
PER _____ DEPUTY CLERK

## PETITION

1. Name and location of court which entered the judgment of conviction under attack PA. BOARD OF PROBATION AND PAROLE, 1101 S. FRONT ST. HARRISBURG, PA 17104

2. Date of judgment of conviction July 27, 2000

3. Length of sentence 8 to twenty years

4. Nature of offense involved (all counts) AGGRAVATED ASSAULT, PIC, TWO COUNTS.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court  COMMONWEALTH COURT HARRISBURG

   (b) Result  DENIED AS NON APPEALABLE

   (c) Date of result and citation, if known  September 7, 2000

   (d) Grounds raised  ARBITRARY PAROLE DENIALS, APPLYING NEW PAROLE POLICY RETROAVTIVELY, VIOLATION OF SUBSTANTIVE DUE PROCESS.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

(3)

 

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

    te of result _____

    ny second petition, application or motion give the same information:

    ine of court _____

    Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐   No ☐
(2) Second petition, etc.    Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

The Supreme Court answered Buket v. Love, in Comm v. Rodgers,

in which the State Supreme Court will give no relief, in addition,

on May 19, 2000, the Supreme Court issued an order in response

to O'Sullivan v. Borelkal, which discretionary review is moot.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.




AO 241 (Rev. 5/85)

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ *See Attached Supplemental.* _____

Supporting FACTS (state *briefly* without citing cases or law) _____

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

(5)

AO 241 (Rev. 5/85)

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐  No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____

    (b) At arraignment and plea _____

(6)




AO 241 (Rev. 5/85)

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
  (a) If so, give name and location of court which imposed sentence to be served in the future: _____
  
  (b) Give date and length of the above sentence: _____
  
  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
  Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

X Eric Berringer  10-30-2000
      (date)

X Eric Berringer
Signature of Petitioner

(7)



IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC BERRINGER, :
       PETITIONER :

v. :

     :

PENNSYLVANIA BOARD OF PROBATION AND :

PAROLE, ET AL., :

      Respondents :

SUPPLEMENTAL GROUNDS IN SUPPORT

A) WHETHER THE BOARD IN APPLYING THE AMENDED PAROLE ACT TO THE PETITIONER VIOLATES THE EX POST FACTO CLAUSE, IN WHICH ARBITRARY PAROLE DENIALS ARE GIVEN, IN ORDER FOR PENNSYLVANIA TO MEET THE REQUIRED QUOTA FOR FEDERAL FUNDING.

    The Board has violated substantive due process by its systematic change in parole eligibility by a mandate, that Pennsylvania Prisoner's are characterized as violent offenders and must serve 85% of their maximum sentence. The Board Amended 61 PA. Stat. Ann. §331.1 (1996), which now authorizes the Commonwealth Attorney to have a say in parole, which was not authorized under the 1941 parole act, which applied at the time of the petitioner's sentence. Here, the Board denied parole on two occasions, when the petitioner had earned a recommendation from the DOC and completed all prescriptive programs and in fact exceeded the DOC program requirements. In reality, the Board selectively denies parole to satisfy the requirement for federal funds as outlined in 42 U.S.C. Section

13703(b) & (c), 13704(a)(1).)(The Federal Violent Offender and Truth-in-Sentence Program. The state to arbitrarily deny parole to receive funds is a substantive due process violation under the Fourteenth Amendment and it increases the punishment in violation of the Eighth Amendment, insofar as applying new parole guidelines retroactively constitutes change in punishment in violation of the prohibition on ex post facto laws. I.d.

B) WHETHER THE BOARDS POLICY/REGULATION VIOLATES THE PETITIONERS SUBSTANTIVE DUE PROCESS RIGHTS.

Our Third Circuit has settled that a prisoner may state a claim for violation of his or her substantive due process rights based on the denial of parole. Moreover, a legislative grant of discretion does not amount to a license for arbitrary behavior. Through all state proceedings the petitioner has demonstrated the board violated his substantive due process protection's because of number of the reasons stated by the board for the denial of parole lacked basis in fact and the actual historical facts are contrary to the record. In light of the new parole policy/regulation, the integral nature of the guidelines and the point system now used, would create a situation if a single incorrect assessment on any unfavorable factor, such as the habitual offender or substance abuse, or the Commonwealth Attorney opposed parole, does in fact render any inmate ineligible for parole, regardless of the true facts known to the board. The arbitrary use of false information that has a detrimental effect on one's ability to even get out of the parole starting gate, as here, rises to the level of a substantive due process violation, which his coextensive with violating ex post facto laws. Clearly, the petitioner here has

2

demonstrated a process that fundamentally unfair.

c) WHETHER ANY ISSUE OF EXHAUSTION SHOULD BE EXCUSED IN LIGHT OF PENNSYLVANIA'S OWN LAWS THAT PRECLUDE REVIEW OF PAROLE DENIALS.

While there is no liberty interest in parole, the Constitution does provide relief when a parole process violates a constitutional right to be free from arbitrary government decision based on discretionary matters. Under the circumstances of Pennsylvania's parole system, regulations, and all state court decisions, demonstrate a futility matter.

Pennsylvania courts are simply unwilling to correct the constitutional violations in the parole boards policies, which is clearly established under Pennsylvania Law. Appellant asserts any recourse is not available, and the futility doctrine does permit this court to hear the merits of the issues presented.

Respectfully submitted,

*[signature]*

3