IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BERRINGER, | CIVIL ACTION NO. **1:CV-00-1994** |
| Petitioner | (Judge Rambo) |
| v. | (Magistrate Judge Blewitt) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., | FILED SCRANTON |
| Respondents | APR 1 9 2001 |

**REPORT AND RECOMMENDATION**

On November 14, 2000, the Petitioner, Eric Berringer, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the Pennsylvania Board of Probation and Parole's decision to deny his request for release on parole. (Doc. 1). Respondents were ordered to show cause why the Petition should not be granted. A response to the Petition was filed on December 19, 2000. (Doc. 4). On January 30, 2001, the Petitioner filed a reply. (Doc. 7). The Petition is ripe for disposition.

**I. Background**

On July 3, 1991, the Petitioner shot a man in the abdomen and a woman in the back, rendering her paralyzed from the waist down. (Doc. 7, Exhibit A, p. 4, Doc. 4, p. 8, ¶ 11). He pled guilty in a Pennsylvania State Court to two counts of Aggravated Assault, two counts of Recklessly Endangering Another Person, and a violation of the Uniform Firearms Act for carrying a firearm without a license, and was sentenced to a term of imprisonment for not less than eight years nor

more than twenty years. (Doc. 7, Exhibit A, p.5). Petitioner completed his minimum sentence of eight years on July 3, 1999; his maximum sentence of twenty years will expire on July 3, 2011. (Doc. 4 ¶ 12). The Petitioner is currently confined at the State Correctional Institution at Rockview, Pennsylvania.

The Petitioner applied twice to the Pennsylvania Board of Probation and Parole for release on parole. The first application was denied by the Board on May 21, 1999, and the second application was denied on May 24, 2000. (Doc. 4, Exhibit C). The Petitioner appealed the denial of his second application for Parole to the Commonwealth Court of Pennsylvania. His Petition for Review was dismissed by the Commonwealth Court by Order dated September 7, 2000, on the ground that a denial of parole is not appealable. (Doc. 4, Exhibit B). That Order was not appealed to the Supreme Court of Pennsylvania. Petitioner now challenges the Pennsylvania Board of Probation and Parole's denial of his second application for release on parole through this habeas corpus action.

## II. Discussion

Petitioner asserts essentially two grounds to support his Petition.[1] First, the Petitioner argues that the Board of Probation and Parole made changes to the parole eligibility requirements which violated the ex post facto clause of Article I, Section 10 of the United States Constitution. Secondly, the Petitioner contends that his denial of parole constituted a violation of substantive due process. The Respondent maintains that the denial of the Petitioner's request for parole was not

---

[1]The prisoner asserted in his original Petition that the Pennsylvania Board of Probation and Parole routinely denies parole to violent offenders in order to receive federal grants. Petitioner, however, withdrew this argument in his reply brief.

2

constitutionally infirm and, moreover, that the Petition should be dismissed for failure to exhaust state remedies. The exhaustion argument will be addressed first.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996), which modified the procedures for habeas corpus proceedings in federal court. Section 104(1) of the Act mandates that applications by persons in state custody "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the Court of the State" or there is no available state remedy or that process would be ineffective.[2] A habeas corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion requirement. *Gonce v. Redman*, 780 F.2d 333, 335-36 (3d Cir. 1985). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991); *see also Gibson*, 805 F.2d at 138.

Although the Petitioner has appealed to the Commonwealth Court of Pennsylvania, he has not sought review by the Supreme Court of Pennsylvania and thus has not fully exhausted his state remedies. Petitioner acknowledges that he has not fully exhausted his state remedies but further asserts that in light of the decision in *Reider v. Pennsylvania Bd. of Probation and Parole*, 514 A.2d 967 (Pa. Commw. Ct. 1986)(*en banc*) such an appeal would be futile and, thus, he has no available state court remedies. In *Reider, supra,* the Commonwealth Court of Pennsylvania held that parole

---

[2] It is noted that a federal court may deny an application on the merits notwithstanding an applicant's failure to exhaust state remedies. *Id.*

3

determinations were decisions wholly within the administrative discretion of the Parole Board and, therefore, not subject to judicial review. However, in the case of *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A. 2d 319 (Pa. 1999), the Supreme Court of Pennsylvania stated: "While appellants are not entitled to appellate review of a Parole Board decision, they may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of mandamus, or through an action under 42 U.S.C. S 1983.  Mandamus is an extraordinary remedy which is available to compel the Parole Board to conduct a hearing or to apply the correct law... Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution." *Id*. at 323, n.5 (internal citations omitted).

As both parties to this matter have recognized, the issue of whether Pennsylvania state appellate courts will entertain a challenge to the denial of parole based on constitutional grounds is unclear in this Circuit. In *Coady v. Vaughn*, 98-1311, the Court of Appeals for the Third Circuit certified this question to the Supreme Court of Pennsylvania. However, *Coady* is of yet undecided. Absent any clear guidance from the Third Circuit, it does appear that under *Rogers v. Pennsylvania Board of Probation and Parole, supra,* Pennsylvania appellate courts will hear constitutional challenges to parole determinations and accordingly, state prisoners making such challenges must first exhaust state remedies before pursuing a federal habeas petition. Since the Petitioner has not fully exhausted his state court remedies, his Petition should be dismissed. However, even if his state remedies were fully exhausted, as will be discussed, his Petition should be dismissed on the merits.

Petitioner's main contention is that Pennsylvania parole law was changed in violation of the ex post facto clause of Article I, Section 10 of the United States Constitution. Petitioner is correct in stating that in 1996 the wording of the Pennsylvania parole statute, 61 P.S. § 331.1, was changed. However, the statute was not modified in such a manner as to implicate the ex post fact clause. This issue was addressed by this court in *Hollawell v. Gills*, 4:CV-00-1222 (M.D. Pa.). *Hollawell* involved a habeas petition wherein the changes to 61 P.S. § 331.1 were challenged under the ex post facto clause. Magistrate Judge Andrew Smyser filed a Report and Recommendation on November 2, 2000, which found that the changes in the Pennsylvania parole statute did not violate the ex post facto clause. That Report and Recommendation was adopted by Judge Malcolm Muir by Order dated December 21, 2000, and Hollawell's petition for a writ of habeas corpus was dismissed. In finding no constitutional violation, Magistrate Judge Smyser wrote:

> Both before and after the 1996 amendments to the Parole Law, the Board was charged with protecting the public. The law in this respect did not change. The standard for granting or denying parole did not change. However, we recognize that the change in 61 P.S. § 331.1 may be seen as a change in emphasis. Both before and after the 1996 amendments the Board had and has discretion to grant or deny parole... A change in how the Board exercises its discretion or what factors it emphasizes is merely part of the uncertainty which was inherent in the Pennsylvania discretionary parole system, to which the petitioner became subject as a result of his imprisonment following his conviction of crimes. The petitioner can not establish an Ex Post Facto violation.

*Hollawell v. Gills*, 4:CV-00-1222, Report and Recommendation at 16-17 (M.D. Pa. November 2, 2000, Smyser, M.J.). *See also, Cohen v. Horn*, 1998 WL 834101, *4 (E.D. Pa. December 2, 1998).

Accordingly, Petitioner has not demonstrated that the denial of his parole violated the ex post facto clause.

5

Petitioner also contends that his denial of parole constituted a violation of substantiative due process. Petitioner's sole support for this contention is that he successfully completed all the Department of Corrections' prescriptive programs and obtained a favorable recommendation from the Department of Corrections.[3] Even assuming that the Plaintiff was indeed a model prisoner and did complete these programs and obtained a favorable recommendation from the DOC, his denial of parole did not constitute a due process violation.

Review of the state parole board decision is limited to an abuse of discretion inquiry, in that relief is only available if an applicant was arbitrarily denied parole on the basis of impermissible criteria such as race, religion, or political beliefs, or on criteria with no rational relationship to the purpose of parole. *Block v. Potter*, 631 F.2d 233, 237 (3d Cir. 1980). The Petitioner does not assert that he was denied parole for any of the above recognized impermissible reasons. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence and, hence, no constitutional right to parole or pre-release. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Nor is there such a right created by state law. While it is recognized that states may create liberty interests which are protected by the due process clause, "...these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

---

[3]Petitioner also makes vague references to erroneous historical information relied on by the Parole Board. However, Petitioner does not specify what information he believes that the Board relied upon and why it is erroneous.

6

*Sandin v. Conner*, 515 U.S. 472, 485, 115 S.Ct. 2293, 2299 (1983), *citing Hewitt v. Helms*, 459 U.S. 460 (1983). The nature of the deprivation the inmate has experienced is to be examined.

Applying this analysis to the present case, it is clear that the Petitioner was not deprived of his right to due process under the Fourteenth Amendment such that his release from incarceration would be warranted. Looking to the nature of parole and pre-release in Pennsylvania, "parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Board's satisfaction his ability to function as a law abiding member of society." *Reider v. Pennsylvania Bd. of Probation and Parole*, 514 A.2d 967, 971 (Pa. Commw. Ct. 1986) (*en banc*) (Citations omitted). "Parole involves making a decision whether the eligible prisoner should serve his sentence in confinement or in society upon certain conditions." *Geraghty v. U.S. Parole Commission*, 429 F.Supp 737, 741 (M.D.Pa. 1977). Because parole is a matter of grace and mercy, the denial of parole cannot be considered to be an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. The Petitioner is therefore not entitled to relief on this ground.

Based on the foregoing, it is respectfully recommended that the Petition for a writ of habeas corpus (Doc. 1) be dismissed.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: April _19_, 2001

7

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC BERRINGER,                :        CIVIL ACTION NO. **1:CV-00-1994**
                               :
           Petitioner,         :
                               :        (Judge Rambo)
       v.                      :
                               :        (Magistrate Judge Blewitt)
                               :
PENNSYLVANIA BOARD OF          :
PROBATION AND PAROLE, et al.,  :
                               :
           Respondents         :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and** Recommendation dated **April _19_, 2001.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: April 17, 2001

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

             * * MAILING CERTIFICATE OF CLERK * *

                      April 19, 2001
```

Re:  1:00-cv-01994    Berringer v. PA Board of Probatio

True and correct copies of the attached were mailed by the clerk to the following:

Eric Berringer
SCI-R
SCI at Rockview
BV-2424
P.O. Box A
Bellefonte, PA  16823

Seth A. Mendelsohn, Esq.
Office of the Attorney General
15th Floor, Strawberry Sq.
Harrisburg, PA  17120

Francis R. Filipi, Esq.
Attorney General's Office
Strawberry Square
15th Floor
Harrisburg, PA  17120

Michael B. Fisher
Attorney General's Office
Strawberry Square
15th Floor
Harrisburg, PA  17120

DA Snyder County
PO Box 217
Middleburg, PA  17842

```
CC:
Judge                         (✓)              ( ) Pro Se Law Clerk
Magistrate Judge              ( )              ( ) INS
U.S. Marshal                  ( )              ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )   Pltf's Attorney ( )

Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen  ( )   PA Atty Gen ( )
                                       DA of County ( )   Respondents ( )

Bankruptcy Court              ( )
Other_____  ( )
                                                      MARY E. D'ANDREA, Clerk


DATE:  4/19/01                                BY:  [signature]
                                                   Deputy Clerk
```